NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED ASSOCIATION, LOCAL UNION NO. 322 PENSION FUND ET AL. | : : : : : | |
| Plaintiffs, | : : | Civ. No. 09-2308 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| COASTAL MECHANICAL SYSTEMS, INC. | : : : | |
| Defendant. | : : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Plaintiffs United Association, Local Union No. 322 Pension Fund ET AL. ("Plaintiffs") for default judgment against Defendant Coastal Mechanical Systems, Inc. ("Coastal"). [ # 5] Coastal has not opposed Plaintiffs' present motion. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

I.    BACKGROUND

On May 14, 2009, Plaintiffs filed a complaint that alleges Coastal owes Plaintiffs at least $136,127.05 in delinquent pension fund contributions. [#1 at ¶ 16.] Plaintiffs also seek interest, liquidated damages and mandatory injunctive relief. [# 1 at ¶¶ 15-40.] Coastal never filed an answer to Plaintiffs' complaint. On August 11, 2009, Plaintiffs filed the present motion for default and ask the Court to enter judgment against Coastal and grant Plaintiffs various remedies.

[# 5] As noted, Coastal has not opposed Plaintiffs' present motion. On August 12, 2009, the Clerk of the Court entered default against Coastal for failure to plead. The Court has considered the submissions in this case. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

## II.  DISCUSSION

### A.  Legal Standard

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such

judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

    **B.  Appliction**

Applying this standard to the facts alleged in Plaintiffs' submissions, the Court determines that an entry of default as to Coastal's liability to Plaintiffs for the contributions at issue is appropriate in this case because: (1) Coastal has not proffered and does not appear to have a meritorious defense to Plaintiffs' allegations; (2) Plaintiffs have suffered and will continue to suffer prejudice because of Coastal's failure to make the contributions at issue; and (3) Coastal appears culpable for the conduct alleged in Plaintiffs' complaint.  As such, the Court will grant Plaintiffs' motion for default judgment as to Coastal's liability for the contributions at issue.

The Court will also grant Plaintiffs' request for access to Coastal's books and records.  [# 1 at ¶¶ 22-29; #5 - 3 at ¶ 2.]  Plaintiffs seek to audit Coastal's books and records to determine Coastal's liability with precision.  [# *Id.*]  The Court will order Coastal, its officers, agents, servants, employees and attorneys to make available to Plaintiffs, within forty-eight hours of a request by Plaintiffs, all payroll books and any records needed by Plaintiffs' auditors to ascertain the precise amount of contributions due and owing to Plaintiffs.

In light of Plaintiffs' pending audit of Coastal's books and records, the Court concludes that it is not appropriate to grant the balance of remedies sought by Plaintiffs at this time.  A motion for default judgment as to the remainder of Plaintiffs' claims, if any, should be considered after Plaintiffs' auditors have ascertained the precise amount of contributions due and

owing to Plaintiffs.

In sum, the Court will grant Plaintiffs' motion for default judgment as to Coastal's liability to Plaintiffs for the contributions at issue, and will order Coastal to make its books and records available to Plaintiffs for audit.  Plaintiffs' motion for default judgment will be denied in all other respects at this time.  Following Plaintiffs' audit of Coastal, Plaintiffs may file a renewed motion for default judgment against Coastal that specifies money damages with precision.

### III.    CONCLUSION

For the reasons noted above, Plaintiffs' motion for default judgment against Coastal will be granted as to Coastal's liability to Plaintiffs for the contributions at issue, and as to Plaintiffs' request that Coastal make its books and records available for audit.  Plaintiffs' motion will be denied in all other respects with leave to re-file following the audit of Coastal's books and records.  An appropriate form of order accompanies this memorandum opinion.

Dated:  November 2, 2009

      /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.